NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

HERMAN BROWN, PETITIONER, v. HARRY GOTLIEB, RESPONDENT.

For the respondent, *Harry Adler.*

For the petitioner, *Bleakly, Stockwell & Burling* (by *William S. Zink*).

\* \* \* \* \* \* \*

The petitioner was working for the respondent, and had been so employed for five or six weeks prior to September 6th, 1930, on which day he was sent by his employer with a truckload of merchandise from Rosenhayn, New Jersey, to New York City, with instructions to leave various shipments at definite points in that city. According to the testimony of the petitioner, which was not contradicted, there was a shipment of produce to be delivered to a Mr. Lavinsky, who had ordered a particular brand known as the "AP Brand," and the petitioner testified that he was directed by his employer to deliver a different brand of produce to Lavinsky and tell him that he had none of the AP Brand. This the petitioner did, and then moved his truck a short distance along the same street to the Manhattan store, where he proceeded to unload other produce. About this time, Mr. Lavinsky chanced to pass by and noticed a quantity of the AP Brand on the truck, and made inquiry as to why the AP

Brand had not been left at his store. He insisted that the petitioner should take back the produce which had been left him of a different brand. This the petitioner declined to do, claiming that the merchandise had been signed for. Lavinsky returned to his own store, and brought two packages of the goods which had been delivered to him and placed them on the rear end of the truck. Herman Brown, the petitioner, refused to accept these and states he dropped one of the packages on the sidewalk. Whereupon Lavinsky jumped on the truck and struck young Brown a severe blow on the jaw causing such injury that he was sent to a hospital by persons at the Manhattan store. None of these statements are contradicted by the respondent, who puts in a defense that he had directed all his drivers to either bring back to him goods which were not satisfactory or to telephone to him from New York. In the present instance there was no opportunity for Mr. Brown to carry out such instructions. The respondent further claims that the petitioner attempted to strike Mr. Lavinsky by throwing the package of produce at him. The petitioner denies this, and there is no substantiation by the respondent that he actually made such an attempt.

Whatever may be the general instructions of the employer to his drivers, it is quite evident that this entire unfortunate occurrence had its origin in orders issued to the petitioner to the effect that he was to make false statements to Lavinsky with regard to there being no packages of the AP Brand on the truck. The carrying out of these orders given by the respondent is responsible for the altercation and the injury to Mr. Brown, and I am unable to accept the conclusion that the respondent is free from any responsibility in the matter. There certainly resulted an untoward event not intended or designed by the petitioner, and under the definition of an accident as given by our Supreme Court, this injury must be classified as an accidental one. From the testimony I conclude that the petitioner was disabled for twenty weeks, and that he should, therefore, receive compensation at the rate of $18.33 a week, inasmuch as he was receiving pay at

the rate of $5 a day, and the act specifies a minimum week as comprising five and one-half days. This will yield weekly wage of $27.50.

\*      \*      \*      \*      \*      \*      \*

W. E. STUBBS,
*Deputy Commissioner.*